## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:23-CV-00600-JHM**

**LESLIE HAUN**                                                                                  **PLAINTIFF**

**v.**

**WELLPATH/CCS LLC,** *et al.*                                                    **DEFENDANTS**

<u>**ORDER**</u>

This matter is before the Court on a motion by Plaintiff to produce emails pursuant to Fed. R. Civ. P. 34(a) [DN 30] and a motion to compel discovery [DN 32]. Defendants filed a response to the motions. [DN 33].

Plaintiff moves to compel the production of emails previously requested from the Luther Luckett Correctional Complex which "prove that the Plaintiff was targeted for transfer due to engaging in protected conduct." [DN 32]. In response, Defendants represent that they have not yet been mailed a request for production of documents. [DN 33].

As procedural guidance to Plaintiff, Plaintiff may use the discovery procedures set out in Fed. R. Civ. P. 34 to have these Defendants produce discovery. That Rule provides in pertinent part:

> A party may serve on any other party a request within the scope of Rule 26(b):
>> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>>> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form[.]

Fed. R. Civ. P. 34(a).

A party's duty to produce materials under Rule 34 extends to documents not only in the party's possession, but also in the party's control.  Under Rule 34, "control" means "the legal right to obtain the documents requested upon demand."  *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).[1]

However, the discovery requests sought by Plaintiff in these two motions should be mailed directly to defense counsel—Allison Rene Brown, Kentucky Justice & Public Safety Cabinet, P.O. Box 2400, Frankfort, Kentucky 40602—and not to the Court or Luther Luckett Correctional Complex.  Should Defendants' counsel fail to respond to Plaintiff's discovery requests within 30 days after Plaintiff serves the requests on Defendants' counsel, Plaintiff may file a motion to compel pursuant to Federal Rule of Civil Procedure 37, containing a certification that he has in good faith conferred or attempted to confer with Defendants' counsel in an effort to obtain the discovery without Court action.  Fed. R. Civ. P. 37.

For these reasons, **IT IS ORDERED** that Plaintiff's motion for production of emails and motion to compel discovery [DN 30, DN 32] are **DENIED** at this time.

Date:  August 27, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.014

---

[1] Here, the claims going forward against Defendants Crews, Burkett, Robey, Oerther, Raisor, and Vincent are in their individual not official capacity.  However, prison officials who are sued in their individual capacities generally can obtain documents from their employer by requesting them, and they, therefore, have constructive control over the requested documents and must produce them.  *See, e.g.*, *Belden v. Jordan*, No. 3:16CV-P511-TBR, 2017 WL 3485006, at *2 (W.D. Ky. Aug. 14, 2017).